# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CR-88-0081-F |
| | ) | |
| PATRICIA WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's "Motion for Relief from Judgment Pursuant to Rule 60(b)(4)(6), Fed. R. Civ. P.," filed October 23, 2006, is before the court.  (Doc. no. 1541.)  The United States has responded, and the motion is ready for determination.  Defendant, the movant in this matter, appears *pro se*, and her pleadings are liberally construed.

Defendant's first set of arguments involves challenges to the district court's handling of re-sentencing proceedings under 28 U.S.C. § 2255.   On June 29, 2001, plaintiff filed her first motion to vacate pursuant to 28 U.S.C. § 2255, challenging her entire sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000).  (Doc. no. 1508.) After the government responded on October 12, 2001 (doc. no. 1514), the district court (Judge Wayne Alley) entered an order on October 19, 2001 (doc. no. 1515), granting plaintiff's motion, and vacating and modifying petitioner's sentence.  On October 29, 2001 (doc. no. 1516), the court entered an amended judgment reflecting the modified sentence.  In  the instant motion defendant argues that during the course of the above proceedings, the district court should have:  1) notified her that she had

a right to assistance of counsel for sentencing purposes;[1] 2) provided her with an opportunity to reply to the government's response; 3) allowed her to be present at re-sentencing; and 4) notified her of her right to appeal the sentence imposed on October 21, 2001.  Defendant asserts that these are true Rule 60(b) grounds for relief because they challenge procedural errors in the integrity of the underlying sentencing. Defendant further asserts that these errors invalidated the re-sentencing proceedings and argues that if she had been accorded her rights to reply to the government's position and to be present and make her arguments to the court, she would have objected to the manner in which the government and the court applied USSG §5G1.2(d) to counts 5 and 7.

The significance of counts 5 and 7 is that these brought charges for using interstate travel to facilitate the conspiracy alleged in other counts.  Defendant argues that her involvement in the conspiracy did not continue past August of 1986.  As the sentencing guidelines were not effective until November 1, 1987, defendant argues that the guidelines should not have been applied to those counts.  She argues that the district court's improper procedures during her re-sentencing precluded her from objecting to the proposed implementation of USSG 5G1.2(d) and that, therefore, the district court never ruled on whether the offenses charged in counts 5 and 7 were pre-November 1, 1987, and thus pre-guideline, offenses.  Defendant further asserts that the co-conspirator charged with her in counts 5 and 7 was charged and sentenced under the old, pre-guidelines, law.

In response to defendant's motion, the government first takes the position that defendant's arguments necessarily entail an attack on the merits of the court's

---

[1]Although this order treats the merits of defendant's arguments later, the court notes here that defendant's § 2255 motion was filed by her attorney at the time so that she was represented during re-sentencing proceedings.

disposition of defendant's § 2255 claim so that her motion should be construed as a second or successive petition and referred to the circuit under 28 U.S.C. §2244(b). The government also argues that defendant's arguments are not timely under Rule 60(b) and that defendant is not entitled to relief on the merits.

## I. Nature of Defendant's Challenges

The question of whether defendant presents a true Rule 60(b) motion (as opposed to a second or successive habeas petition subject to certification requirements) is answered based on criteria set out in Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641 (2005).[2]  Under Gonzales, a Rule 60(b) motion is considered a second or successive habeas petition if, in substance or effect, it attacks the federal court's previous resolution of a claim on the merits; this is not the result, however, if a Rule 60(b) motion attacks not the substance of the federal court's resolution of a claim on the merits but, rather, some defect in the integrity of the federal habeas proceedings.  Gonzalez, 125 S. Ct. at 2648.

The court disagrees with the government's position that the grounds for defendant's Rule 60(b) motion constitute a second or successive petition.  Defendant has carefully stated the procedural irregularities in the underlying sentencing which constitute her first set of challenges and which she now raises in her Rule 60(b) motion.  Although the manner in which defendant labels her claims is not controlling, there is no reason to conclude that the defendant has couched her claims in procedural terms in order to hide their true nature as new habeas claims.  Moreover, the Tenth

---

[2]Gonzales only considered the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254.  The decision states (at n.3), however, that habeas proceedings under § 2255 (like the underlying proceedings in this case) are subject to similar provisions regarding second and successive petitions.  In United States v. Nelson, 465 F.3d 1145 (10th Cir. 2006), the circuit applied the Gonzales analysis when considering post-judgment pleadings filed in §2255 proceedings. See, Peach v. United States, 468 F.3d 1269, 1271 (10th Cir. 2006) (noting the holding in Nelson that Gonzales applies in § 2255 proceedings).

Circuit has held that arguments challenging the district court's failure to rule on certain issues are true Rule 60(b) arguments and not second or successive habeas petitions. <u>Spitznas v. Boone</u>, 464 F.3d 1213, 1225 (10th Cir. 2006); <u>Peach v. United States</u>, 468 F.3d 1269, 1271( 10th Cir. 2006). The arguments in those cases are similar to defendant's arguments here that the district court's improper handling of the re-sentencing proceedings kept her from presenting her objections to Judge Alley, with the result that the district court never ruled on those arguments. The court finds and concludes that defendant's first set of arguments challenges the manner in which her § 2255 proceedings were conducted and that they are true Rule 60(b) challenges within the meaning of <u>Gonzales</u>.

Defendant's second main challenge to the re-sentencing proceedings is that the government committed fraud on the court during those proceedings when it failed to identify the conduct charged in counts 5 and 7 as pre-guidelines conduct. Defendant argues that the government failed to inform the court that defendant's co-conspirator in counts 5 and 7 was sentenced under the old law because the probation department conceded that the counts 5 and 7 activity did not go past August 1986. <u>Gonzales</u> states that fraud on the federal habeas court is one example of a defect in the integrity of the federal habeas proceedings which constitutes a true Rule 60(b) ground for challenging a judgment. <u>Gonzales</u>, 125 S. Ct. at 2648, n.5. This court finds and concludes that defendant's second challenge, like her first set of challenges, presents a true Rule 60(b) challenge.

## II.  <u>Timeliness of Challenges</u>

Having determined that defendant's challenges are properly considered under Rule 60(b), the court must next decide whether the challenges are timely. Defendant argues for relief under subsections (4) and (6) of Rule 60(b). Subsection (4) provides that relief from a judgment or order may be given if the judgment is void. Subsection

(6) provides that relief may be given for any other reason justifying relief from the operation of the judgment. The rules require that a motion under either section be made within a reasonable time.

Defendant makes no arguments as to why her motion--which comes over five years after the district court entered its amended judgment reflecting the modified sentence--is brought within a reasonable time. Defendant notes, however, that in Lopez v. Douglas, 141 F.3d 974 (10th Cir. 1998), the Tenth Circuit announced a rule that treated all Rule 60(b) motions in habeas proceedings as second or successive habeas petitions for purposes of 28 U.S.C. § 2244(b). Construing defendant's pleadings liberally, the court presumes that she did not bring her challenge earlier because she thought it would be construed as a second or successive petition which she did not think would be certified under the governing statutes.

This presumption is not enough to establish timeliness under Rule 60(b), however. As defendant notes, it was the Supreme Court's decision in Gonzales v. Crosby, 545 U.S. 524, which clarified that not all Rule 60(b) motions constitute second or successive petitions because some Rule 60(b) motions are true Rule 60(b) motions, free from the requirements of 28 U.S.C. § 2244(b). Gonzales was decided on June 23, 2005. Although defendant states that the Tenth Circuit abandoned its previous Lopez rule in Spitznas, Spitznas only applied the law and analysis announced earlier in Gonzales. Gonzales was the controlling law, yet defendant offers no explanation for why she did not bring her Rule 60(b) arguments until October 23, 2006, over a year after Gonzales clarified that not all Rule 60(b) motions were second or successive petitions.

Defendant also offers no explanation as to why she did not seek a certificate of appealability with respect to the district court's re-sentencing order. Although Judge Alley granted her §2255 motion, defendant could have appealed the calculation of her

-5-

sentence.  Perhaps her argument that she was not informed of her right to appeal is intended to implicitly provide an explanation for her failure to appeal.  However, a court's failure to inform a party of their right to appeal or a court's failure to appoint counsel for purposes of appeal,[3] does not excuse a failure to appeal.

The court finds and concludes that the timing of defendant's Rule 60(b) motion is not reasonable and that defendant's motion is untimely and should be denied on that basis.

### III.  The Merits of Defendant's Challenges

Despite the above conclusion, the court has also gone on to consider the merits of defendant's motion.

The purpose of Rule 60(b) is to enable a court to grant a party relief from a judgment in circumstances where the need for truth outweighs the value of finality in litigation.  12 Moore's Federal Practice, §60.02[2] (Matthew Bender 3d ed.)  Relief under Rule 60(b)(6) requires extraordinary circumstances.  Ackermann v. United States, 340 U.S. 193, 199 (1059).

Defendant's original § 2255 motion was filed by her counsel.  Thus, defendant's complaint that she was not provided representation for re-sentencing proceedings is simply incorrect.  The government responded to defendant's §2255 motion on October 12, 2001 and Judge Alley's order granting the motion was filed on October 19, 2001, with the amended judgment following on October 29, 2001.  Defendant offers nothing to show that in the period of time between the government's filing of its brief and the court's order, she sought leave to file a reply brief or that she

---

[3]Defendant filed a request for appointment of counsel on November 15, 2001, seeking counsel for purposes of an appeal. (Doc. no. 1517.)  That request was denied by Judge Alley. (Doc. no. 1518.)

requested to be present in person before any re-sentencing occurred.[4]   In short, defendant has not shown that during re-sentencing she was improperly precluded from replying to the government's response or from otherwise making the arguments she makes now.

Moreover, if defendant had made her arguments regarding counts 5 and 7 to the re-sentencing court, defendant has not shown that the re-sentencing court then, or this court now, would or should order that her sentences run concurrently.  Assuming the count 5 and count 7 conduct was subject to the sentencing guidelines, Judge Alley was required to run defendant's sentences consecutively under USSG 5G1.2 and United States v. Price, 265 F.3d 1097, 1109 (10th Cir. 2001) (district court required to aggregate sentence to match as far as possible the total sentence previously imposed, rendering Apprendi violations moot).   Even if the sentencing guidelines were incorrectly applied to counts 5 and 7, sentencing courts may impose consecutive sentences if a defendant is convicted of both a pre- guideline offense and a guideline offense; this is true even if the guidelines, had they applied to both offenses, would have required concurrent sentences.  United States v. Litchfield, 959 F.2d 1514, 1524 (10th Cir. 1992).  Defendant has presented nothing to show that the district court was wrong to have imposed consecutive sentences.

With respect to defendant's fraud on the court argument, the undersigned has also reviewed the government's response to the defendant's § 2255 motion to vacate.

---

[4]In response to defendant's argument that she should have been present for re-sentencing before Judge Alley, the government has discussed, and distinguished, United States v. Bly, 328 F.3d 1262 (10th Cir. 2003).  Bly held that the district court should have afforded the defendant the procedural guarantees criminal sentencing traditionally entails, including the right to be present at sentencing, when correcting an initially favorable § 2255 remedial order by directing that nine 20-year sentences run consecutively rather than concurrently.  Id. at 1265-67.  Not only is Bly distinguishable on these facts, it is procedurally distinguishable.  Bly was not brought under Rule 60(b) and the extraordinary circumstances which must justify relief on the merits under Rule 60(b) did not apply.

Having done so, it finds that there was no fraud on the court with regard to any failure to identify counts 5 and 7 as pre-guideline counts.

Finally, to the extent that defendant argues she is eligible for parole on counts 5 and 7, that argument depends upon the merits of her other arguments--arguments which this court has now found are not meritorious.

The court finds and concludes that defendant has not shown that she is entitled to relief on the merits of her Rule 60(b) motion.

## Conclusion

In summary, defendant's arguments are properly considered as Rule 60(b) arguments.  Defendant has shown no circumstances that would justify her delay in seeking relief from the district court's alleged improprieties during the re-sentencing in 2001.  She also has not shown any extraordinary circumstances such that, if her motion were held to be timely, she would be entitled to relief under Rule 60(b) on the merits of those arguments.  Either of these failures, standing alone, is sufficient reason to deny defendant's motion.

After careful consideration of the parties' submissions, the record, and the relevant authorities, defendant's Rule 60(b) motion is **DENIED**.

Dated this 18th day of January, 2007.


STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

88-0081p004(pub).wpd